## SUPREME COURT.

HASBROUCK, adm'r, appellant agt. ISABELLA HASBROUCK and others, respondents.

After an executor has filed an *inventory* of property belonging to the estate, he is not precluded from showing that property *not belonging to the estate was inventoried,* and may also show that the property belonging to the estate *was of less value* than the amount at which it was inventoried.

That is, the inventory is not *conclusive* evidence against the executor, of what the assets consist of, and of their value, although it is *prima facie* evidence against him on the accounting before the surrogate.

*New York General Term, November,* 1862.

INGRAHAM, LEONARD and BARNARD, *Justices.*

By the court, BARNARD, Justice. Although an inventory filed by an executor is, on an accounting, *prima facie* evidence against him of what the assets consist of, and of their value, still it is not conclusive. The executor has a right to show that property not belonging to the estate was inventoried, and may also show that the property belonging to the estate was of less value than the amount at which it was inventoried.

In this case the executor has done nothing to deprive him of that right. If in his account rendered, he had charged himself with the actual cash value of the interest of the deceased in the firm of Kingon & Hasbrouck, it can not be doubted that he would have been entitled to introduce proof showing such cash value, and that the interest had been put at too high a valuation in the inventory.

It does not necessarily follow from the fact of the executor's having sold the testator's interest in the firm at a credit, that the ascertainment of either the then cash value of the interest, or of the sum which would have been produced to the estate on winding up the partnership matters in the usual manner, would be either impossible or attended with much difficulty.

The fact that the executor, doubtless under the supposition that he could turn over the securities he took on the sale, filed an inventory and an account, fixing the value of the interest of the deceased in the firm at $14.703.91, should not preclude him, when he is sought to be personally charged with that amount, from showing, if he can, the actual value of the interest if it had been sold for cash, or if the partnership had been wound up in the usual course. The executor in this case does not seem to have acted fraudulently, or with any improper motives; but, on the contrary, appears to have had the good of the estate he represented in view, in all he did, and to have been actuated with a desire to make the assets bring as much as possible.

Under such circumstances, the law does not require that the executor should pay individually to the estate more than the assets, if prudently administered, would have produced.

For these reasons the proof offered by the executor, as to the value of the interest of the deceased in the partnership was admissible, and the rejection of it improper.

Order reversed, and a new accounting directed before the surrogate, with costs of the appeal.